**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7411**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DESHAUN ENTREA SPRUILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  James C. Dever III, District Judge.  (4:12-cr-00075-D-4; 4:16-cv-00096-D)

Submitted:  March 10, 2020                    Decided:  March 13, 2020

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Deshaun Entrea Spruill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Deshaun Entrea Spruill seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2255 (2018) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B) (2018). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2018). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 137 S. Ct. 759, 773-74 (2017). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Spruill has not made the requisite showing. Accordingly, we deny Spruill's motion to appoint counsel, deny a certificate of appealability, and dismiss the appeal.[*] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] To the extent Spruill intended his informal brief to serve as an application to file a second or successive § 2255 motion, we deny authorization because Spruill's claims do not meet the relevant standard. *See* 28 U.S.C. § 2255(h) (2018).